UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS DYLAN CORWIN, individually and d/b/a WWW.EXACTREPLICAS.COM; "TRUE TIME"; "EXACT REPLICA WATCHES"; UNKNOWN WEBSITES 1-10; UNKNOWN ENTITIES 1-10; and "JOHN DOES" 1-10 <br><br> Corwins. | CASE NO. C-09-1501-SI <br><br><br> FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") and Nicholas Dylan Corwin individually and doing business as www.exactreplicas.com; "True Time;" and "Exact Replica Watches" ("Corwin"), having agreed that a Final Judgment and Permanent Injunction Upon Consent (hereinafter referred to as "Final Judgment") should be entered between them and good cause appearing therefore:

1. Rolex having asserted this action for trademark counterfeiting, 15 U.S.C. § 1114; trademark infringement, 15 U.S.C. § 1114; false designation of origin and false description, 15 U.S.C. § 1125(a); Federal trademark dilution, 15 U.S.C. § 1125(c); unfair competition, false designation of origin and false description; 15 U.S.C. § 1125(a); and common law passing off and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provision of this Consent Judgment.

2. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, NY 10022.

3. Nicholas Dylan Corwin ("Corwin") is a resident of the State of California residing at 7043 Homewood Drive, Oakland, CA 94611.

4. Corwin was the registrant, the owner and operator and the controlling force behind www.exactreplicas.com. and the fictitious business entities known as "True Time" and "Exact Replica Watches."

5. Corwin has offered for sale and has sold watches bearing infringements of Rolex's trademarks.

6. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's trademarks described below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of Rolex's trademarks.

7. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

8. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, EXPLORER II, TURN-O-GRAPH, and GMT-MASTER II on and in connection with watches, watch bracelets and related products.

9. Rolex is the owner of, including but not limited to, the following federal trademark registration in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |

(the "Rolex Registered Trademarks")

10. The Rolex Registered Trademarks are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law.

11. The Rolex Registered Trademarks are associated with Rolex in the minds of consumers, the public and the trade.

12. The Rolex Registered Trademarks are world-famous.

13. Watches bearing the Rolex Registered Trademarks have been extensively advertised for many decades.

14. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex watches and related products. The Rolex Registered Trademarks identify high quality products originating with Rolex.

15. Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex's products, the Rolex Registered Trademarks have acquired secondary meaning so that any product and advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product and affiliate of Rolex.

16. The Rolex Registered Trademarks are widely recognized by the general consuming public of the United States as a designation of source of the watches distributed by Rolex.

17. The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065 with the exception of TURN-O-GRAPH and GMT MASTER II.

18. Rolex has gone to great lengths to protect its name and the Rolex Registered Trademarks.

19. Long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Corwin began offering for sale, distributing, promoting and advertising watches in interstate commerce bearing counterfeits and sale and selling watches bearing infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached to Rolex's Complaint as Exhibit 1. The spurious marks or designations used by Corwin are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by the Rolex Registered Trademarks.

20. Rolex, its customers and the general public have all been victimized by an unparalleled wave of counterfeiting, and Rolex has thus been involved in extensive anti-counterfeiting programs designed to protect its valuable intellectual property rights and the investment made by its customers.

21. Rolex took action against Corwin by service of several cease and desist letters. Corwin warrants and represents that these cease and desist letters were received from Rolex.

22. Corwin admits that he offered for sale and sold goods bearing counterfeits of the Rolex Registered Trademarks.

23. Corwin admits that he willfully and intentionally, sold, offered for sale, distributed, promoted and advertised watches bearing infringements of one or more of the Rolex Registered Trademarks.

24. Corwin is not now, nor has he ever been associated, affiliated or connected with or endorsed or sanctioned by Rolex.

25. Rolex has gone to great lengths to protect its name and enforce its trademarks.

26. Rolex has no adequate remedy at law.

27. Corwin's acts willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Corwin's acts willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

29. Corwin's acts constituted common law passing off and unfair competition in violation of common law.

30. Corwin expressly agrees that, as a matter of law, pursuant to 11 U.S.C. § 523 (a)(6), the terms of this Consent Judgment are not dischargeable in any bankruptcy proceeding. In this regard, Corwin expressly waives the right to assert the protection of the bankruptcy laws of the United States as a bar to Rolex's collection of all monetary recoveries due to Rolex as provided for in this Consent Judgment.

31. Corwin agrees that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof.

32. Corwin agrees that the amount in controversy in this action is greater than $75,000.

**IT IS ORDERED, ADJUDGED AND DECREED:**

33.     Corwin, his agents, servants, employees, attorneys and all persons acting in concert and participation with him, and their successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

(a)     using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)     engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c)     using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d)     further infringing the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or offered for sale, or rented by Himschoot is in any way associated or connected with Rolex, or are sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)     using or continuing to use the Rolex Registered Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of

any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(h) hosting or acting as Internet Service Provider for, or operating any websites, that offer for sale any products bearing counterfeits of the Rolex Registered Trademarks;

(i) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(j) having any connection whatsoever with any website that offers for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(k) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks;

(l) otherwise unfairly competing with Rolex;

(m) otherwise causing a likelihood of confusion with injury to Rolex's business reputation or the distinctiveness of the Rolex Registered Trademarks; and

(n) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

In the event that Corwin is ever found by a court of competent jurisdiction, after notice and an opportunity to be heard, to be in violation of the Consent Judgment, the parties agree that (a) Rolex will be entitled to all normal relief which it may request from the Court; (b) Rolex may retain any payments made, if any, pursuant to this agreement; (c) the release provided to Corwin in paragraph 6 of the agreement reached between the parties dated October 2, 2009 will be declared null and void and Rolex will be entitled to recover the full amount of damages, fees and costs associated with all of Corwin's past infringements; and (d) Rolex will be entitled to recover any and all future and additional damages, fees and costs incurred by Rolex due to Corwin's

violation of this agreement or the Judgment, and judgment shall be entered against Corwin in that full amount. The Northern District of California shall retain jurisdiction of this action and for any disputes that concerns a breach of this action or the Consent Judgment.

It is further ORDERED that any act by the Corwin in violation of the terms or conditions of this Consent Judgment may be considered and prosecuted as a contempt of this Court and the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof.

It is further ORDERED that pursuant to 11 U.S.C. § 523 (a)(6), the terms of this Consent Judgment are not dischargeable in any bankruptcy proceeding.

It is further ORDERED that this Consent Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Corwin.

This Consent Judgment shall be deemed to have been served upon Corwin at the time of its execution by the Court.

APPROVED OF AS TO FORM:

Dated: October 14, 2009

HARVEY SISKIND LLP

*/s/ Matthew A. Stratton/*

D. PETER HARVEY (SBN 55712)
Email: pharvey@harveysiskind.com
MATTHEW A. STRATTON (SBN 254080)
Email: mstratton@harveysiskind.com
Four Embarcadero Center, 39th Floor

8

San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
Walter-Michael Lee, Esq. (WL 6353)
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151
Fax: (212) 688-8315

**Attorneys for Plaintiff**

Dated: Oct 3, 2019 , 2009

**LAW OFFICES OF GARRICK S. LEW**

*/s/ Garrick S. Lew*
Garrick S. Lew
Design Center East
200 Townsend Street, Suite 329E
San Francisco, CA 94103-4957

**Attorney for Defendant**

**CONSENTED TO BY THE PARTIES:**

The undersigned hereby consent to the entry of a Consent Judgment and Permanent Injunction in the form annexed hereto or in such other form as the Court may approve.

Dated: 10/12 , 2009

ROLEX WATCH U.S.A., INC.

By: */s/ John F. Flaherty*
John F. Flaherty
Secretary

NICHOLAS DYLAN CORWIN, individually, and D/B/A WWW.EXACTREPLICAS.COM; "TRUE TIME;" and "EXACT REPLICA WATCHES"

9

Dated: 10 - 2 , 2009            _____
                                Nicholas Dylan Corwin

ACKNOWLEDGMENTS:

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

On this 12 day of Oct , 2009 before me came John F. Flaherty who acknowledged to me that he is the Secretary of Rolex Watch U.S.A., Inc., and that he executed the foregoing instrument on behalf of Rolex Watch U.S.A., Inc. with full authority to do so.

                                _____
                                NOTARY PUBLIC

WALTER MICHAEL LEE
Notary Public, State of New York
No. 02LE6117620
Qualified in New York County
Commission Expires October 25, 2012

STATE OF CALIFORNIA      )
                         :ss.:
COUNTY OF ALAMEDA        )

On this 2ND day of OCT , 2009 before me came Nicholas Dylan Corwin who acknowledged to me that he executed the foregoing instrument with full authority to do so.

HUNG-YUL KIM
Commission # 1797069
Notary Public - California
Alameda County
My Comm. Expires May 2, 2012

                                _____
                                NOTARY PUBLIC

SO ORDERED:

Dated: _____, 2009

                                _____
                                UNITED STATES DISTRICT JUDGE

10